UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 1-24-cv-20829**

FRANLU, LLC,

    Plaintiff,

v.

BRIAN SHEVLAND,

    Defendant.

_____/

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Franlu LLC, by and through its counsel, submits this Complaint for Declaratory and Injunctive Relief against Defendant Brian Shevland ("**Shevland**"), pursuant to 28 U.S.C. § 2201 and Federal Rules of Civil Procedure 57 and 65. Franlu LLC alleges as follows:

**Preliminary Statement**

1. This action seeks to preserve the fundamental principle that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which [it] has not agreed so to submit." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986) (cleaned up).

2. In that regard, this action seeks a declaration that Franlu LLC cannot be compelled to arbitrate any claims that have been asserted by Shevland against Franlu LLC before a FINRA Dispute Resolution arbitration panel in FINRA Case No. 23-00638 (the "**Arbitration**") because there is no arbitration agreement between the parties. Further, the FINRA Code does not permit arbitration between Shevland and non-FINRA member Franlu LLC. It is undisputed that

1

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

Franlu LLC is not a FINRA member, Shevland has never been a customer of Franlu LLC, Shevland has never held any investments with, or made any investments recommended by, Franlu LLC, and there is no written agreement whatsoever between Shevland and Franlu LLC. Shevland concedes as much by not alleging, much less establishing, any of the prerequisites for commencing a FINRA Arbitration against Franlu LLC.

3. Shevland nevertheless has filed a motion in the already pending FINRA Arbitration to add Franlu LLC as a Respondent and to add various claims against Franlu LLC, alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. (A copy of Shevland's Motion to Amend Statement of Claim to Add Franlu LLC as a Respondent is attached as Exhibit A.)  Shevland's original claims in the Arbitration arise from Shevland's attempt to secure for him a far more favorable deal from a separate and distinct respondent, Patrick Orlando, than Shevland was able to bargain for and to secure a windfall by manufacturing an agreement that never existed. What is worse is that Shevland has asked the FINRA arbitration panel to maintain a June 2024 hearing date which would strip Franlu LLC of its right to have the issue of arbitrability properly determined by a court and its right to adequately defend itself should it be determined by a court that claims by Shevland against Franlu LLC are arbitrable in FINRA. Thus, Shevland's attempt to add Franlu LLC to the already-pending FINRA Arbitration proceeding where discovery has already closed deprives Franlu LLC of basic due process.

4. Shevland asserts Franlu LLC is liable under a reverse alter-ego theory in the event Shevland prevails (which he will not) on his previously asserted claims against Mr. Orlando. The law, however, precludes this theory. The law precludes Shevland's efforts to utilize a reverse

2

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

alter-ego theory to impugn liability on Franlu LLC (through Mr. Orlando) in a pre-judgment, non-debtor Arbitration.

5. The Court's intervention, in the form of declaratory and injunctive relief, is thus necessary to save Franlu LLC from incurring irreparable harm by being forced to defend in arbitration claims to which it never agreed to arbitrate and to which the FINRA Code does not permit arbitration. For the reasons stated below, and because Franlu LLC will suffer immediate and irreparable harm if it is forced to arbitrate Shevland's non-arbitrable claims, Franlu LLC seeks a declaration that Shevland's claims are not arbitrable and a preliminary and permanent injunction enjoining Shevland from proceeding with the Arbitration against Franlu LLC.

## The Parties

6. Franlu LLC was and is a limited liability company organized and existing under the laws of the state of Florida, and maintains its principal place of business in Miami, Florida. Franlu LLC's members are citizens of Florida and Peru. No Franlu LLC member is a citizen of Puerto Rico.

7. Brian Shevland, an individual, is a resident and citizen of Humacao, Puerto Rico.

## Jurisdiction and Venue

8. This is an action brought pursuant to 28 U.S.C. § 2201 for declaratory relief and to obtain a preliminary and permanent injunction concerning the Arbitration pending before FINRA in Pennsylvania.

9. Diversity jurisdiction is appropriate pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship between Franlu LLC and Shevland. The amount in controversy exceeds $75,000.00 because this action involves an underlying Arbitration in which Shevland

3

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

seeks in excess of $75,000.00 in damages, exclusive of interests and costs, against Franlu LLC and another respondent.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of Florida. *See Shevland v. Orlando*, No. 21-cv-24324, Compl. [ECF No. 1], ¶ 8 (S.D. Fla. Dec. 14, 2021) (a related action in which Shevland admitted that venue for these claims is proper in this District). Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(3) because Shevland is subject to personal jurisdiction in this District with respect to this action.

11. The Court has personal jurisdiction over Shevland because (1) Shevland engages, conducts, and/or transacts substantial business in the state of Florida; (2) Shevland purposely availed himself of the privilege of conducting activities in the State of Florida; (3) Shevland purposely availed himself to the jurisdiction of this Court in a related action, *see Shevland*, No. 21-cv-24324; and (4) many of the acts complained of and giving rise to the Arbitration claims occurred in the state of Florida.

### General Allegations

**A. Procedural History of the Arbitration and Shevland's Statement of Claims**

12. In December 2021, Shevland initially filed a complaint in the U.S. District Court for the Southern District of Florida alleging that: (i) Mr. Orlando was liable to him for damages resulting from breach of a contract, breach of the covenant of good faith and fair dealing, and unjust enrichment; and (ii) a separate defendant and entity, ARC Global Investments II, LLC ("**ARC II**"), was liable to him for unjust enrichment. *See generally Shevland*, No. 21-cv-24324, Compl. [ECF No. 1].

13. Essentially, Shevland claimed Mr. Orlando breached a written agreement with Shevland to invest in special purpose acquisition companies, also known as SPACs, and then share in the founder's shares and benefits of such transactions. *See Shevland*, No. 21-cv-24324, Compl., at *1. According to the complaint, Mr. Orlando used Shevland's expertise and resources to fund and close SPAC deals, including Digital World Acquisition Corporation, which later announced a merger with Trump Media and Technology Group. *See id.* The complaint further alleged that prior to Digital World Acquisition Corporation's initial public offering, Mr. Orlando violated their agreement and kept the available shares for himself. *See id.*

14. In January 2022, Mr. Orlando and ARC II jointly filed a motion to compel arbitration and stay case. *See generally Shevland*, No. 21-cv-24324, Mot. Compel Arbitration [ECF No. 18]. The defendants' motion requested that the Court compel arbitration before FINRA and stay the case. *See generally id.* Shevland opposed the defendants' requests. *See generally Shevland*, No. 21-cv-24324, Resp. to Mot. [ECF No. 21].

15. The Court ruled on the arbitration request in September 2022. *See generally Shevland*, No. 21-cv-24324, Sept. 19, 2022 Order [ECF No. 45]. The Court granted Mr. Orlando's arbitration request, concluding that Shevland is a FINRA "associated person" required to arbitrate his claim against Mr. Orlando, another FINRA associated person, under the FINRA Code. *See id.* at *7. The Court's order, however, denied ARC II's motion to compel arbitration, finding that "ARC does not qualify as a customer under FINRA." *Id.* at *19.

16. A limited appeal to the Court's September 19, 2022 order was lodged by the defendant, ARC II, requesting that the Court sustain ARC II's objections and grant its motion to compel arbitration and stay case. *See generally Shevland*, No. 21-cv-24324, Objs. [ECF No. 46]. To this, Shevland insisted that the Southern District of Florida was the appropriate forum for the

claims asserted against ARC II. *See generally Shevland*, No. 21-cv-24324, Resp. to Objs. [ECF No. 47].

17. The Court, thereafter, issued an order overruling ARC II's limited objections and affirmed the September 19, 2022 order denying ARC II's motion to compel and stay case. *See generally Shevland*, No. 21-cv-24324, Aug. 31, 2023 Order [ECF No. 57]. Following the Court's August 31, 2023 order, and subsequent appeal and stay briefing, the Court stayed the proceedings against ARC II. *See Shevland*, No. 21-cv-24324, Feb. 9, 2024 Paperless Order [ECF No. 74].

18. With respect to the (compelled) Arbitration between Shevland and Mr. Orlando, Shevland filed his Statement of Claim in March 2023 with FINRA dispute resolution, thus initiating FINRA dispute resolution Case No. 23-00638. The Statement of Claim is substantively identical to Shevland's initial complaint before this Court, in Case No. 21-cv-24324, save for the exclusion of the defendant ARC II. (The Statement of Claim in the FINRA Arbitration is attached hereto as Exhibit B.)

19. The discovery period is closed in the Arbitration. Moreover, the hearing dates in the Arbitration are presently set for June 18-24, 2024.

20. Franlu LLC was not named a respondent in the Statement of Claim and was not a party to the initial Southern District of Florida action.

21. Perhaps aware of the paucity of allegations or evidentiary support for its claims against Mr. Orlando, Shevland recently (and hastily) pivoted to seek leave to add Franlu LLC as a respondent in the FINRA Arbitration and to assert the same (baseless) claims against Franlu LLC, doing so well-after the initial Statement of Claim was filed, after the close of discovery, and shortly before the Arbitration hearing is set to commence. Shevland seeks to add the

following claims against Franlu LLC: breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. (*See* Ex. A, which includes proposed Amended Statement of Claim in the FINRA Arbitration.)

22. Even though Franlu LLC is not a FINRA member and never agreed to arbitrate any claims with Shevland, Shevland asserts that "Orlando controls and manages Franlu as his personal entity and does not maintain corporate formality." (*See* Proposed Amended Statement of Claim ¶ 60, Ex. A.)

23. Shevland seeks to recover from Franlu LLC the damages (allegedly) caused by Mr. Orlando. The sole basis of the claims against Franlu LLC is the attenuated theory that it is liable for the acts of a single manager—Mr. Orlando. In other words, a reverse alter-ego theory.

24. Franlu LLC is a Florida limited liability company originally created in September 2019—well before the facts underlying Mr. Shevland's claims arose in this Court and in the Arbitration.

25. Shevland is not a customer of Franlu LLC. Nor has Franlu LLC or any of its members held any securities accounts or had any written agreement with Shevland. Shevland does not allege otherwise in the Arbitration.

26. There is no express or implied contract or agreement between Franlu LLC and Shevland. Therefore, there is no contractual mandatory arbitration provision between Franlu LLC and Shevland.

27. Franlu LLC is not a party to any arbitration agreement between Mr. Orlando and Shevland.

28. Despite the absence of an arbitration agreement or even a relationship between Franlu LLC and Shevland, despite the fact that Shevland is not a customer of Franlu LLC,

7

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

despite the fact that Franlu LLC did not assume any of Mr. Orlando's contractual obligations and litigation liabilities, and despite the fact that Franlu LLC is not and has never been a FINRA member, Shevland is attempting to add Franlu LLC as a respondent in the pending FINRA Arbitration and attempting to assert claims against Franlu LLC in the FINRA Arbitration.

### B. FINRA's Jurisdiction under the Securities Exchange Act of 1934

29. "FINRA is a self-regulatory organization established under the Securities Exchange Act of 1934 with the authority to exercise comprehensive oversight over all securities firms that do business with the public." *Pictet Overseas Inc. v. Helvetia Tr.*, 905 F.3d 1183, 1187 (11th Cir. 2018).

30. Once FINRA has promulgated, and the SEC has authorized, FINRA rules, FINRA is required to comply with those rules as well as the Exchange Act and regulations promulgated thereunder. *See* 15 U.S.C. § 78s(g)(1).

31. Pursuant to Rule 0140(a) of the FINRA Code, the FINRA rules "shall apply to all members and persons associated with a member."

32. FINRA Rule 13100(q) defines a "member" as "any broker or dealer admitted to membership in FINRA, . . . and any broker or dealer admitted to membership in a self-regulatory organization that, with FINRA consent, has required its members to arbitrate pursuant to the Code and to be treated as members of FINRA for purposes of the Code[.]"

33. Under FINRA Rule 13100(b), an "associated person" is the same as a "person associated with a member" which is defined by Rule 13100(u) as (1) a natural person registered with FINRA or (2) a "sole proprietor, partner, officer, director, or branch manager of a member, or other natural person occupying a similar status or performing similar functions, or a natural

8

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

person engaged in the investment banking or securities business who is directly or indirectly controlling or controlled by a member, whether or not any such person is registered or exempt from registration with FINRA under the By-Laws or the Rules of FINRA."

34. FINRA Rule 13200 requires arbitration when the dispute arises out of the business activities of a member or an associated person and is between or among: members, members and associated persons, or associated persons.

35. Similarly, under FINRA Rule 12200, members must arbitrate their disputes when: (1) arbitration is either required by a written agreement or requested by a customer; (2) the dispute is between a customer and a FINRA member; and (3) the dispute arises in connection with the business activities of a member or associated member.

36. A "customer" within the meaning of Rule 12200 is an entity that purchases goods or services from a FINRA member in the course of the member's business activities, namely, the activities of investment banking and the securities business. *See BNY Mellon Cap. Mkts., LLC v. Paone*, No. 19-81412-Civ, 2019 WL 8362167, at *3 (S.D. Fla. Dec. 26, 2019).

**C.  FINRA Lacks Jurisdiction Over Franlu LLC**

37. Shevland erroneously asserts FINRA has jurisdiction over Franlu LLC.

38. Franlu LLC is not, and has never been, a member of FINRA or an associated person of a member of FINRA.

39. Shevland is not, and has never been, a customer of Franlu LLC.

40. There is no agreement between Shevland and Franlu LLC, let alone any agreement or contract to arbitrate any dispute.

41. Shevland has never opened or maintained an account with Franlu LLC.

42. Shevland has never purchased a security from, or issued by, Franlu LLC.

43. Shevland has never engaged in a securities transaction with or through Franlu LLC.

44. Franlu LLC is not a broker or dealer.

45. Franlu LLC is not a "natural person" registered with FINRA or associated with a FINRA member.

46. The alleged dispute does not arise in the connection of the business of Franlu LLC.

47. Franlu LLC has never consented to arbitrate any dispute with Shevland.

48. Accordingly, Shevland has failed to satisfy any of the prerequisites necessary to compel a FINRA arbitration.

49. Franlu LLC cannot sign and return any FINRA Arbitration Submission Agreement, because, by doing so, it would agree to submit the dispute to arbitration in accordance with the FINRA Rules to which it is not subject.

50. Franlu LLC objects, and refuses to agree or voluntary submit, to arbitration of Shevland's claims and expressly reserves all of its legal and equitable rights, claims, remedies, and defenses against Shevland and any other potentially relevant person or entity.

51. There is no administrative procedure for appealing FINRA's erroneous exercise of jurisdiction. Moreover, FINRA is protected from suit by arbitral immunity. Thus, absent a ruling from this Court, FINRA may claim the authority to proceed to render an arbitral "judgment" which, under the Federal Arbitration Act, would be enforceable with a limited right to appeal.

52. Therefore, whether Shevland can compel Franlu LLC to defend the claims asserted against it in the Arbitration is an issue that affects the parties' immediate legal interests. Unless Shevland is permanently enjoined from proceeding with the Arbitration, Franlu LLC will be required to continue to participate in the Arbitration (over its objection) and expend significant time and resources in connection with same.

53. Further, because there is no agreement to arbitrate, and because the FINRA Rules do not delegate the question of arbitrability to its arbitrators, the question of arbitrability is a matter which must be decided by the Court, not by the Arbitration panel.

54. Finally, a permanent injunction precluding Shevland from pursuing his claims in the Arbitration is warranted to prevent the irreparable injury that Franlu LLC will suffer from having to arbitrate issues that it has not agreed to arbitrate.

## Count I
### (Declaratory Judgment)

55. Franlu LLC incorporates by reference Paragraphs 1 through 54 as fully set forth herein.

56. The arbitrability of a claim is a question for judicial determination. Pursuant to the Federal Arbitration Act, 9 U.S.C. § 4, a court of competent jurisdiction, and not a FINRA arbitration panel, must determine the arbitrability of Shevland's claims. *See also JPay, Inc. v. Kobel*, 904 F.3d 923, 929 (11th Cir. 2018) ("Questions of arbitrability, often described as 'gateway' questions . . . [that] are presumptively for the courts [to decide.]" (citations omitted)).

57. Shevland's seeking to add Franlu LLC as a respondent in the Arbitration and to assert claims against Franlu LLC in the Arbitration has brought Shevland into adversarial conflict with Franlu LLC.

58. An actual, present, and justiciable controversy is present between Franlu LLC and Shevland relating to the arbitrability of Shevland's claims against Franlu LLC in the FINRA Arbitration. Specifically, an actual, present, and justiciable controversy exists between the parties because: (1) Shevland is seeking to assert numerous claims (through an alter-ego theory) against Franlu LLC; (2) Shevland is seeking to assert FINRA jurisdiction over Franlu LLC even though Franlu LLC is not, and has never been a FINRA member and not subject to FINRA jurisdiction; and (3) FINRA's acceptance of the Arbitration subjects Franlu LLC to a dispute resolution forum it never agreed to.

59. Declaratory relief from this Court will resolve these controversies and limit the uncertainties.

WHEREFORE, Franlu LLC requests a declaratory judgment from this Court pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57 against Shevland that: (1) Shevland's purported claims against it are not arbitrable under FINRA Rules, including the FINRA Code of Arbitration Procedure for Customer Disputes; (2) Franlu LLC has no obligation to participate in the FINRA Arbitration filed by Shevland, No. 23-00638; and (3) FINRA has no authority to adjudicate the dispute between Shevland and Franlu LLC. Further, Franlu LLC requests the Court award its costs and any other relief deemed just and proper by the Court.

### Count II
**(Preliminary and Permanent Injunction)**

60. Franlu LLC incorporates by reference Paragraphs 1 through 54 as fully set forth herein.

61. Shevland has improperly initiated the Arbitration against Franlu LLC in knowing or reckless disregard of the fact that Franlu LLC is not subject to the jurisdiction of FINRA.

12

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

62. Franlu LLC seeks a preliminary and permanent injunction enjoining and restraining Shevland, and all those acting in concert or in active participation with it, from pursuing claims against Franlu LLC in the Arbitration.

63. Franlu LLC also seeks a permanent injunction requiring Shevland to dismiss Franlu LLC from the Arbitration.

64. Franlu LLC has a substantial likelihood of success on the merits regarding the arbitrability of Shevland's claims because: (1) there is no agreement to arbitrate between Franlu LLC and Shevland; (2) Franlu LLC is not, and has never been, a FINRA member under FINRA Rule 13200 or otherwise; and (3) Shevland is not, and has never been, a customer of Franlu LLC under FINRA Rule 12200 or otherwise.

65. Immediate and irreparable harm will result if relief is not granted because Franlu LLC will be forced to participate in the Arbitration in order to preserve its rights even though it has no arbitration obligation to Shevland and has never agreed to arbitrate claims with Shevland. Requiring a party to arbitrate claims that has not agreed to arbitrate constitutes per se irreparable harm because doing so ignores the party's contractual will, disrupts the party's business, and wastes resources. *See, e.g.*, *Pictet Overseas Inc. v. Helvetia Tr.*, No. 13-81088-Civ, 2017 WL 10403345, at *4 n.3 (S.D. Fla. Apr. 14, 2017) ("Courts have concluded that a movant suffers irreparable harm when it is forced to expend time and resources arbitrating an issue that is not arbitrable, and for which any award would not be enforceable.").

66. Franlu LLC has no adequate legal remedy at law to protect against the continuing injury caused by Shevland's conduct, and Franlu LLC's injuries cannot be fully addressed by monetary damages or other legal relief.

67. Injunctive relief poses no appreciable risk of undue prejudice to Shevland because it would not result in a holding as to liability and because Shevland's remedies (to the extent any remedies exist) against the other respondent in the Arbitration would still be viable.

68. By contrast, if the Arbitration is allowed to proceed, the injury to Franlu LLC will far outweigh the injury to Shevland.

69. The public interest favors entry of an injunction. Specifically, the public has no interest in compelling the arbitration of claims that the parties have not agreed to arbitrate. Instead, the public has an interest in ensuring that the contractual will of the parties is honored and that such arbitrations do not proceed.

70. Accordingly, Franlu LLC is entitled to a preliminary and permanent injunction prohibiting Shevland from prosecuting the claims against Franlu LLC, in the Arbitration.

WHEREFORE, Franlu LLC therefore requests the Court enter preliminary and permanent injunctions restraining and enjoining Shevland from pursuing his purported claims against Franlu LLC in the FINRA Arbitration or in any other arbitration forum. Further, Franlu LLC requests the Court award its costs and any other relief deemed just and proper by the Court.

Date: March 4, 2024

Respectfully submitted:



Attorneys for *Plaintiff Franlu LLC*
1200 Four Seasons Tower
1441 Brickell Avenue
Miami Florida 33131
Phone: (305) 350-5194
Fax: (305) 372-2738

By:   */s/ Antonio M. Hernandez, Jr.*
    Kevin P. Jacobs, Esq.
    Email: kjacobs@homerbonner.com
    Florida Bar No. 169821
    Antonio M. Hernandez, Jr., Esq.
    Email: ahernandez@homerbonner.com
    Florida Bar No.: 117756